UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESTER B. JORDAN,

       Plaintiff,                      CIVIL ACTION NO. 06-12550

      v.                             DISTRICT JUDGE JOHN CORBETT O'MEARA

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

     This Social Security case comes before the court on the parties' cross-motions for summary judgment.  For the reasons stated herein, the court recommends that plaintiff's motion be **GRANTED IN PART**, that the Commissioner's motion be **DENIED**, and that the matter be **REMANDED** for further proceedings.

### II.  Background

     On October 24, 2003, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), claiming that he was disabled due to obstructive respiratory disease secondary to long-standing occupational isocyanate exposure and contact dermatitis, with an onset date of September 9, 2002.  Tr. 55-57, 64.  Plaintiff was 52 years of age when he filed the application.  He has a master's degree, with a work history including employment as an auto

-1-

body repair teacher, a substitute teacher, sign maker, and a custom auto body painter.  Tr. 70, 97-101.

The Social Security Administration (SSA) denied plaintiff's claim on January 21, 2004. Tr. 29-33.  Plaintiff then requested a hearing before an administrative law judge (ALJ).  Tr. 36. The hearing was held on September 20, 2005, before ALJ Joan Knight.  Tr. 290-322.  Plaintiff, represented by counsel, appeared and testified at the hearing.  The ALJ also took testimony from a vocational expert (VE).

On November 21, 2005, the ALJ issued a decision denying plaintiff's claim.  Tr. 15-24. The ALJ determined that plaintiff had obstructive respiratory disease secondary to isocyanate exposure, mild degenerative arthritis in both hips, bilateral L5-S1 radiculopathy (moderate on the left, mild on the right), and that he was status post arthroscopic surgery of the right knee (1996). The ALJ also determined that plaintiff's impairments were "severe" within the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that they did not meet or equal any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations.  Further, the ALJ concluded that plaintiff's impairments prevented him from performing his past relevant work, but that he retained the capacity to perform a range of medium exertion work and that there were a significant number of jobs in the national economy that plaintiff could perform.  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Following the ALJ's denial of his claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council.  Tr. 13.  The Appeals Council denied the request on

Arpil 24, 2006. Tr. 7-9. The ALJ's decision thus became the final decision of the Commissioner.

On June 8, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for summary judgment. Plaintiff claims that the ALJ's decision is not supported by substantial evidence and that the matter should be remanded for either an award of benefits or for further proceedings. The Commissioner contends that the ALJ's decision should be affirmed because it is supported by substantial evidence and no legal errors were made.

### III. Legal Standards

#### A. RFC Determination

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims.  See 20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan,

-4-

109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brainard, 889 F.3d at 681. Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273. A reviewing court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001).

## IV.  Analysis

The ALJ rendered findings favorable to plaintiff at steps one, two, and four of the disability determination process, and plaintiff has raised no objections to the ALJ's step-three determination that he does not have an impairment of listing-level severity. The court will thus focus its discussion on the ALJ's step-five determination that plaintiff remains capable of performing other work that exists in significant numbers in the national economy.

The ALJ's assessment of plaintiff's Residual Functional Capacity (RFC) is set forth below:

> The claimant retains the residual functional capacity to perform medium exertional work. Specifically, the claimant can lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk about 6 hours in an 8-hour day, and sit for a total of about 6 hours in an 8-hour day. He must avoid concentrated exposure to dusts, gases, odors, poor ventilation, etc. He must specifically avoid isocyanates and toluene.

Tr. 23.  At the hearing, the ALJ posed a hypothetical question to the VE based upon this RFC assessment.  In response, the VE testified that a person of plaintiff's age, work history, and educational background, with the limitations described in the hypothetical, could work as a tutor, a surveillance system monitor, a security guard, a receptionist, an information clerk, an insurance clerk, and a customer service representative.  Tr. 315-21.  The ALJ relied upon the testimony of the VE in concluding that plaintiff is not disabled.

At step five of the disability determination process, the Commissioner may carry their burden of demonstrating that the claimant can perform other work through the testimony of a VE.  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).  In order for the testimony of a VE to constitute substantial evidence, the hypothetical on which the testimony is based must fully and accurately incorporate all of the claimant's exertional and non-exertional limitations.  Id.

Even if the court were to assume that the ALJ's assessment of plaintiff's RFC is supported by substantial evidence and that the hypothetical posed to the VE contained an accurate description of plaintiff's exertional and non-exertional limitations, the ALJ's decision must be vacated.  For the reasons discussed below, the VE's testimony does not constitute substantial evidence in support of the conclusion that plaintiff remains capable of performing work that exists in significant numbers in the national economy.

The record establishes, as the ALJ found, that plaintiff must avoid all exposure to isocyanate compounds.  Plaintiff's treating physician, Dr. William R. Solomon, diagnosed plaintiff with occupational respiratory disease secondary to long-term isocyanate exposure and

advised that he could return to work, but only in an environment in which he would be exposed to no isocyanates or related substances. Tr. 232-47, 280-86. Dr. Solomon indicated that exposure to the "responsible agents" should be "scrupulously avoided." Tr. 233. The ALJ conveyed this limitation to the VE. As indicated above, the VE identified several jobs that a person of plaintiff's age, education, work history, and RFC could perform. However, the VE proceeded to testify that many of the jobs she identified would likely entail some exposure to isocyanates. Tr. 318-21. Moreover, the VE acknowledged that she was "not a chemistry expert," and the ALJ failed to establish whether, in fact, the VE had any specific knowledge of the types of chemical compounds that exist in different work environments. Tr. 316. Thus, there is nothing before the court indicating that the VE possessed sufficient expertise to provide reliable testimony as to the types of jobs a person with isocyanate sensitivity might be able to perform. With the exception of the tutor job, all of the jobs identified by the VE would be performed in an office setting, and there is no reliable evidence in the record as to whether such a setting would enable plaintiff to avoid all exposure to isocyanates.

With regard to the tutor job, the Commissioner appears to argue that even if all of the other jobs are stripped away, the VE's testimony that plaintiff could work as a tutor in a controlled environment supports the ALJ's determination that plaintiff is not disabled. The VE testified that there were at least 1,000 "tutor" positions in Southeast Michigan and 50,000 nationwide. This vague testimony is insufficient to support the ALJ's disability determination. While 1,000 positions in Southeast Michigan and 50,000 nationwide might constitute a significant number of jobs, the VE's testimony begs the question of whether plaintiff is qualified

to perform all of these jobs. For example, if the tutor positions referred to by the VE include tutoring high school students in foreign languages, then there are clearly not 1,000 tutoring jobs in Southeast Michigan that plaintiff can perform because there is no evidence in the record indicating that he speaks any foreign languages or has had educational training in foreign languages. Likewise, if this number also includes tutoring students in calculus, the job base would be further reduced because there is nothing in the record indicating that plaintiff has any particular expertise in that subject. In sum, the VE's testimony is too vague to support a determination that there are a significant number of tutor positions in the national and/or regional economy that plaintiff is capable of performing.

     For these reasons, the court concludes that the ALJ's step-five determination is not supported by substantial evidence. Therefore, the disability determination must be vacated. The question then becomes whether the matter should be remanded for further proceedings or whether an immediate award of benefits is warranted. The court is not persuaded that all essential factual matters have been resolved such that an immediate award of benefits would be proper. See Faucher v. Secretary of HHS, 17 F.3d 171, 176 (6th Cir. 1994)("If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."). Rather, questions remain regarding plaintiff's ability to perform other work that exists in significant numbers in the national economy. Accordingly, this matter must be remanded for further

proceedings consistent with this report and recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ must obtain testimony from an individual qualified in the area of environmental contaminants and obtain additional testimony from a VE.  Further, the ALJ should update the medical record and reassess plaintiff's RFC.  The ALJ's conclusion that plaintiff is capable of performing medium-exertion work stands on shaky footing in light of the evidence in the record indicating that plaintiff has a medically determinable impairments of the cervical spine and hip and signs of bi-lateral carpal tunnel syndrome.  Tr. 179-81, 196, 202-03, 287.  Thus, the ALJ should take a fresh look at plaintiff's physical exertion limitations.

**V.  Conclusion**

For the reasons stated above, the court recommends that plaintiff's motion for summary judgment be **GRANTED IN PART**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir.

1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

     Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                               s/Virginia M. Morgan
                                               VIRGINIA M. MORGAN
                                               UNITED STATES MAGISTRATE JUDGE

Dated: February 8, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 8, 2007.

                                               s/Jane Johnson
                                               Case Manager to
                                               Magistrate Judge Virginia M. Morgan